Fecteau, J.

INTRODUCTION

The plaintiff and defendant-in-counterclaim, AlphaGary Corporation (“AlphaGary”), brought an action against Gregory C. Gitto (“Gitto”), Edwina C. Gitto, Samuel J. Gitto, and Newline Color Inc. (“Newline”) for misappropriation of trade secrets and for breaches of the Settlement Agreement between the parties. Newline brought counterclaims against AlphaGary and brought third-party claims against two AlphaGary executives, RobertN. Gingue (“Gingue”), Roberts. Cox (“Cox”) and a former Newline employee, Philip Bourgeois (“Bourgeois”), for civil conspiracy, abuse of process, malicious prosecution, trespass, chapter 93A violation, chapter 93 violations and chapter 12 violations. AlphaGary has filed a special Motion to Dismiss Newline’s counterclaims and third-party claims pursuant to G.L.c. 231, §59H and in the alternative has filed a Motion for Summary Judgment. As the counterclaims and third-party claims are in response to AlphaGary’s claims and not “based on” AlphaGary’s claims, AlphaGary has failed to make the threshold showing required for a special Motion to Dismiss pursuant to G.L.c. 231, §59H. Accordingly, AlphaGary’s special Motion to Dismiss is DENIED. As discovery has been stayed pursuant to G.L.c. 231, §59H, AlphaGary’s Motion for Summary Judgment is premature and therefore DENIED.

BACKGROUND

The dispute between these parties has been active for several years. In 1997AlphaGary brought a lawsuit against Newline and Gitto, who had been employed at AlphaGary for ten years, alleging improper competition and misappropriation of trade secrets. The 1997 suit led to a Settlement Agreement in 1999, whereby Newline and Gitto agreed, amongst other things, to several non-competition provisions and re-affirmed their obligation not to use any of AlphaGary’s confidential information, which Gitto had acquired while employed at AlphaGary. Thereafter, AlphaGary received information from Bourgeois that Newline was violating the Settlement Agreement and continuing to use AlphaGary’s trade secrets. Upon receiving this information AlphaGary sought the assistance of the Worcester County District Attorney and the State Police, who upon a search with a valid warrant found AlphaGary’s trade secrets at Newline’s offices. On or about February 4, 2003 Newline pled guilty to storing a trade secret, as defined in G.L.c. 266, (30) (4), knowing the same to have been unlawfully taken. These events led AlphaGary to commence the current suit against Newline, which in turn led Newline to bring the counterclaims and third-party claims that are the issue of this motion.

DISCUSSION

The anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, G.L.c. 231, §59H was enacted as a remedy for “generally meritless suits brought by large public interests to deter common citizens from exercising their political or legal rights or to punish them for doing so.” Duracraft Corp. v. Holmes Prods. Corp., 427 Mass 156, 161 (1998). The statute sets out in relevant part: “In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party’s exercise of its right to petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss.” G.L.c. 231, §59H.
In Duracraft, the Supreme Judicial Court found that although the statute did provide broad protections to petitioning activities, it was not intended to be used as a litigation tactic by corporate competitors embroiled in ongoing litigation. 427 Mass, at 163. The court explicitly found that “based on” does not mean “in response to.” Id. at 168, n.20. The plain language of the anti-SLAPP statute makes it clear that claims and related pleadings are “petitioning activity”: “ ‘a party’s exercise of its right to petition’ shall mean any written or oral statement made before or submitted to a legislative, executive, or judicial body, or . . . made in connection with an issue under consideration or review by a . . . judicial body . . .” G.L.c. 231, §59H, Duracraft, 427 Mass, at 168, n.20. However, when a plaintiff files a claim against a defendant, that plaintiff cannot then use the anti-SLAPP statute to immunize herself from counterclaims filed in response to the claim." Duracraft, 427 Mass, at 168, n.20.
AlphaGary and Newline are business competitors ' that are and have been embroiled in litigation. No matter how appealing the argument is by the moving party on the factual surface of the complaint, AlphaGary’s attempt to use the anti-SLAPP statute by its special motion to dismiss to protect itself from Newline’s counterclaims and third-party claims is simply not intended to be used in the context of a case *160 such as this and is precisely the litigation tactic for which parties are not entitled to use the anti-SLAPP statute. As the moving parly, asserting the protection of the statute, AlphaGary must make the threshold showing that Newline’s claims against it are based on petitioning activities alone. Duracraft, 427 Mass, at 167. A claim is “based on” petitioning activities if it has no substantial basis other than or in addition to the petitioning activities. Id. at 167-68. As noted earlier “based on” does not mean “in response to.” Duracraft, 427 Mass, at 168, n.20. Without an opportunity to examine the merits of the controversy, it does appear that the claims asserted by Newline, i.e., its counterclaims and third-party claims, filed as a response to the claims filed against it by AlphaGary, have a substantial basis other than or in addition to the petitioning activities. Therefore, as AlphaGary has not made the required threshold showing, its special motion to dismiss pursuant to G.L.c. 231, §59H must be denied.

ORDER

For the foregoing reasons, it is hereby ORDERED that the plaintiffs special Motion to Dismiss pursuant to G.L.c. 231, §59H is DENIED. The plaintiffs Motion for Summary Judgment is also DENIED.